UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OverDrive, Inc., | ) | Case No..: 1:17-CV-165 |
| | ) | |
| Plaintiff, | ) | Judge Solomon Oliver, Jr |
| | ) | |
| vs. | ) | |
| | ) | |
| The Open eBook Forum d/b/a the | ) | (**Jury Demand Endorsed Hereon**) |
| International Digital Publishing Forum, | ) | |
| | ) | |
| Defendant. | ) | |

### International Digital Publishing Forum's Answer to OverDrive, Inc.'s Complaint and Affirmative Defenses

Open eBook Forum d/b/a International Digital Publishing Forum ("IDPF"), by and through counsel, for its answer to OverDrive, Inc.'s ("OverDrive") Complaint, states that the introductory narrative is not a part of the pleading to which a response is required under Federal Rules of Civil Procedure 8, 10 and 12, and further responds as follows:

### The Parties

1.  IDPF is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 1 of the Complaint.

2.  IDPF admits that it is a nonprofit corporation formed pursuant to the District of Columbia Non-Profit Corporation Act and otherwise denies the allegations in paragraph 2 of the Complaint.

3.  IDPF admits that OverDrive is a member of IDPF and states that the remaining allegations in paragraph 3 of the Complaint constitute legal conclusions to which no response is required and are therefore denied.

{6597713:}

## Jurisdiction and Venue

4. IDPF admits that OverDrive purports to plead a declaratory judgment copyright claim and otherwise denies the allegations in paragraph 4 of the Complaint.

5. IDPF admits that OverDrive purports to invoke the Court's subject matter jurisdiction and otherwise denies the allegations in paragraph 5 of the Complaint.

6. IDPF admits that the Court has personal jurisdiction over IDPF and otherwise denies the allegations in paragraph 6 of the Complaint.

7. IDPF admits that venue is proper in this judicial district and otherwise denies the allegations in paragraph 7 of the Complaint.

## Background Facts

8. IDPF admits that it is a non-profit corporation and otherwise denies the allegations in paragraph 8 of the Complaint.

9. IDPF denies that its Articles of Incorporation are attached as Exhibit 1, as referenced in footnote 1, admits that its Articles of Incorporation speak for themselves, and it is otherwise without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 9 of the Complaint.

10. IDPF admits that its legal name is "Open eBook Forum" and that none of its resources are presently located in this jurisdiction and otherwise denies the allegations in paragraph 10 of the Complaint.

11. IDPF admits that the EPUB specification has value and otherwise denies the allegations in paragraph 11 of the Complaint.

12. IDPF denies the allegations in paragraph 12 of the Complaint.

13. IDPF denies the allegations in paragraph 13 of the Complaint.

14. IDPF admits the allegations in paragraph 14 of the Complaint.

15. IDPF admits that there are multiple versions of the EPUB specification, which versions speak for themselves, and otherwise denies the allegations in paragraph 15 of the Complaint.

16. IDPF admits that there are multiple versions of the EPUB specification, which versions speak for themselves, and otherwise denies the allegations in paragraph 16 of the Complaint.

17. IDPF states that whether the EPUB specification qualifies as a collective work is a legal conclusion to which no response is required, admits that OverDrive is subject to IDPF's Intellectual Property Policy for Members (the "IDPF IP Policy"), which speaks for itself, and otherwise denies the allegations in paragraph 17 of the Complaint.

### OverDrive's Purported Copyrights

18. IDPF admits that Steve Potash was previously a member of IDPF's board of directors and that he and other OverDrive employees participated in certain of IDPF's activities and otherwise denies the allegations in paragraph 18 of the Complaint.

19. IDPF admits that OverDrive purports to have applied for and obtained a Certificate of Copyright Registration captioned "OverDrive's Contributions to Open eBook Publication Structure 1.0," states that OverDrive's statements regarding the effects of and rights conferred by a copyright registration are legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 19 of the Complaint.

20. IDPF admits that OverDrive purports to have applied for and obtained a Certificate of Copyright Registration captioned "OverDrive's Contributions to EPUB 2.0.1," states that OverDrive's statements regarding the effects of and rights conferred by a copyright registration are legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 20 of the Complaint.

21. IDPF admits that OverDrive purports to have applied for and obtained a Certificate of Copyright Registration captioned "OverDrive's Contributions to EPUB 3.0," states that OverDrive's statements regarding the effects of and rights conferred by a copyright registration are legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 21 of the Complaint.

22. IDPF admits that OverDrive purports to have applied for and obtained a Certificate of Copyright Registration captioned "OverDrive's Contributions to EPUB 3.0.1," states that OverDrive's statements regarding the effects of and rights conferred by a copyright registration are legal conclusions to which no response is required, and otherwise denies the allegations in paragraph 22 of the Complaint.

### IDPF's Intellectual Property Policy

23. IDPF admits that the IDPF IP Policy speaks for itself and otherwise denies the allegations in paragraph 23 of the Complaint.

### The MIT-IDPF Transaction

24. IDPF is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 24 of the Complaint.

25. IDPF is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 25 of the Complaint.

26. IDPF is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 26 of the Complaint.

27. IDPF is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations in paragraph 27 of the Complaint.

28. IDPF admits that W3C and IDPF entered into a Memorandum of Understanding (the "MOU") on or about September 28, 2016, which speaks for itself, and otherwise denies the allegations in paragraph 28 of the Complaint.

29. IDPF admits that its board approved the Plan of Membership Exchange (the "Plan") on or about October 13, 2016, which speaks for itself, and otherwise denies the allegations in paragraph 29 of the Complaint.

30. IDPF states that the MOU and the Plan speak for themselves and otherwise denies the allegations in paragraph 30 of the Complaint.

31. IDPF states that the MOU and the Plan speak for themselves and otherwise denies the allegations in paragraph 31 of the Complaint.

32. IDPF denies the allegations in paragraph 32 of the Complaint.

33. IDPF denies the allegations in paragraph 33 of the Complaint.

34. IDPF admits that it was formed, that it has promoted long-form reading, education and the interests of certain third parties, and that on or about October 24, 2016, OverDrive filed a Verified Petition for Review of Contested Nonprofit Action and Injunctive Relief in the Superior Court of the District of Columbia (Civil Division) against

IDPF, which petition was subsequently dismissed, and otherwise denies the allegations in paragraph 34 of the Complaint.

35. IDPF admits that it received a sufficient number of member votes to approve the Plan and otherwise denies the allegations in paragraph 35 of the Complaint.

36. IDPF admits that, on or about December 13, 2016, the its board called a vote and otherwise denies the allegations in paragraph 36 of the Complaint.

37. IDPF admits that Bill McCoy was IDPF's Executive Director and that, on or about November 28, 2016, he sent the email reproduced on pages 2 and 3 of Exhibit A to the Complaint (PageID # 22-24), which speaks for itself, and otherwise denies the allegations in paragraph 37 of the Complaint.

38. IDPF admits that OverDrive was asked to grant certain license rights and otherwise denies the allegations in paragraph 38 of the Complaint.

39. IDPF admits that IDPF members were asked to grant certain license rights, which most did, and otherwise denies the allegations in paragraph 39 of the Complaint.

40. IDPF denies the allegations in paragraph 40 of the Complaint.

41. IDPF admits the allegations in paragraph 41 of the Complaint.

42. IDPF admits that it held a meeting and webinar on January 18, 2017, and otherwise denies the allegations in paragraph 42 of the Complaint.

43. IDPF admits that IDPF has combined certain aspects with W3C, and otherwise denies the allegations in paragraph 43 of the Complaint.

**The Purported Controversy**

44. IDPF denies the allegations in paragraph 44 of the Complaint.

45. IDPF denies the allegations in paragraph 45 of the Complaint.

## Count I

46. IDPF incorporates by reference its responses to paragraphs 1 through 36 of the Complaint as if specifically set forth herein.

47. IDPF admits that OverDrive purports to assert a claim for declaratory judgment and otherwise denies the allegations of paragraph 47 of the Complaint.

48. IDPF denies the allegations in paragraph 48 of the Complaint.

49. IDPF denies the allegations in paragraph 49 of the Complaint.

50. IDPF denies the allegations in paragraph 50 of the Complaint.

51. IDPF denies the allegations in paragraph 51 of the Complaint.

52. IDPF denies the allegations in paragraph 52 of the Complaint.

53. IDPF denies the allegations in paragraph 53 of the Complaint.

54. IDPF denies the allegations in paragraph 54 of the Complaint.

55. IDPF denies the allegations in paragraph 55 of the Complaint.

56. IDPF denies that OverDrive is entitled to any of the relief for which it prays.

57. IDPF hereby denies all allegations set forth in the Complaint that are not otherwise expressly admitted herein.

## Affirmative Defenses

58. OverDrive's Complaint fails to state a claim upon which relief can be granted.

59. The Court lacks subject matter jurisdiction over OverDrive's claims because OverDrive lacks Article III standing to bring this action.

60. Overdrive's claim and remedies sought are barred by the First Amendment to the United States Constitution.

61. OverDrive's claim is barred because, at most, it is a joint author of the works in question.

62. Overdrive's claim is barred or subject to dismissal for failure to comply with the registration requirements and other necessary formalities and OverDrive's copyrights and registrations are otherwise invalid.

63. OverDrive's claim is barred because some or all of its alleged works of authorship are not original.

64. OverDrive's claims are barred because some or all of its alleged works of authorship are in the public domain.

65. OverDrive's alleged works of authorship are not copyrightable under the doctrine of merger.

66. OverDrive's alleged works of authorship are not copyrightable under the idea/expression dichotomy.

67. OverDrive's alleged works of authorship are not copyrightable as scenes-a-faire.

68. OverDrive's claims are barred, in whole or in part, by the fair use doctrine and other limitations on 17 U.S.C. § 106 set forth in 17 U.S.C. §§ 107-122.

69. Overdrive's claim is barred because it has engaged in copyright misuse and has unclean hands.

70. OverDrive's claim is barred by the doctrines of laches, equitable estoppel, promissory estoppel, waiver, consent, or acquiescence.

71. OverDrive's claim is barred because the conduct about which OverDrive complains is permitted by express license, implied license, or both.

72. OverDrive's copyright infringement and related claims are barred by the doctrine of copyright exhaustion.

73. OverDrive's claim is barred because the harm about which it complains was caused or contributed to by its own action or inaction or by the action or inaction of third-persons over whom IDPF has no ownership or control.

74. OverDrive's claim is barred, in whole or in party, by its failure to mitigate its damages, if any.

75. IDPF reserves the right to assert additional affirmative defenses that subsequently may become known to it through discovery or otherwise.

**Prayer for Relief**

WHEREFORE, having fully answered the Complaint, IDPF prays for judgment against OverDrive as follows:

(A) That the Court dismiss the Complaint and all claims pled against IDPF.

(B) That OverDrive recover nothing of IDPF.

(C) That the Court deny OverDrive's request for injunctive and declaratory relief.

(D) That the costs of this action, including reasonable attorneys' fees, be taxed against OverDrive pursuant to 17 U.S.C. § 505 and any other applicable law.

(E) Such other and further relief as allowed at law or in equity that the Court deems appropriate and to which IDPF is entitled.

                                                    Respectfully submitted,

Dated: February 21, 2017              /s/ David T. Movius
                                                    David T. Movius (0070132)
                                                        *dmovius@mcdonaldhopkins.com*
                                                   Mark Guinto (0089320)
                                                        *mguinto@mcdonaldhopkins.com*
                                                   McDonald Hopkins LLC
                                                   600 Superior Avenue, East, Ste. 2100
                                                   Cleveland, Ohio 44114
                                                   t 216.348.5400 | f 216.348.5474

                                                   *Attorneys for Open eBook Forum d/b/a*
                                                   *International Digital Publishing Forum*

## **Jury Demand**

IDPF Systems, Inc., hereby demands a jury trial on all issues triable thereby.

             /s/ David T. Movius
            *Counsel for Attorneys*
            *for Open eBook Forum d/b/a*
            *International Digital Publishing Forum*

**Certificate Of Service**

I hereby certify that, on February 21, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

    /s/ David T. Movius
*Counsel for Attorneys*
*for Open eBook Forum d/b/a*
*International Digital Publishing Forum*