**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| OVERDRIVE, INC., | CASE NO. 1:17-cv-00165 |
| Plaintiff, | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| THE OPEN eBOOK FORUM d/b/a INTERNATIONAL DIGITAL PUBLISHING FORUM, | |
| Defendant. | |

## PARTIES' JOINT REPORT PURSUANT TO CASE MANAGEMENT CONFERENCE SCHEDULING ORDER

1.      Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b) (3), and the Case Management

Conference Scheduling Order herein, a Rule 26(f) conference was held on March 10, 2017 by

telephone and was attended by:

Mark E. Avsec and Andrew G. Fiorella, counsel for OverDrive, Inc. ("Plaintiff")

David T. Movius, counsel for defendant Open eBook Forum d/b/a International
Digital Publishing Forum ("Defendant")

2.      Plaintiff has delivered its initial disclosures to Defendant's counsel.  Defendant

has delivered its initial disclosures to Plaintiff's counsel.

3.      The parties recommend the following track:

        _____ Expedited            __X__ Standard

        _____ Administrative       _____ Complex

        _____ Mass Tort

1

4.      This case __X__ is/ _____ is not suitable for Electronic Case Filing (ECF).

5.      This case is suitable for one or more of the following Alternative Dispute

Resolution ("ADR") mechanisms:

_____ Early Neutral Evaluation

__X__ Mediation (Plaintiff will agree so long as representatives of W3C, post-

"merger" partner, appear)

_____ Arbitration

_____ Summary Jury Trial

_____ Summary Bench Trial

_____ Case not suitable for formal ADR at this time, but the parties have been

and will continue to explore settlement opportunities at an early stage.

6.      The parties ___do/ X__ do not consent to the jurisdiction of the United States

Magistrate Judge pursuant to 28 U.S.C. § 636(c).

7.      Recommended Discovery Plan:

(a)      Describe the subjects on which discovery is to be sought and the nature

and extent of discovery.

Plaintiff will seek discovery regarding, among other things and without limitation, (1)

the development and creation of the EPUB specification (including third party contributions to

EPUB), (2) the development and creation of the Defendant's Intellectual Property Policy, and (3)

the identification of all current and former members of Defendant who, like Plaintiff, never

granted an intellectual property license to W3C with respect to such members' contributions to

the EPUB specification, i.e., those current and former members of Defendant who never signed

and submitted the Submission Authorization for EPUB 3.1.  Plaintiff will also seek discovery

2

regarding, among other things and without limitation,   the "corporate" structure of W3C and W3C's relationship with the current or former members of Defendant on a going forward basis, the relationship of MIT with the Defendant and with the W3C "organization," and communications between the Defendant and third parties regarding (1) the proposed use of the EPUB specification and (2) the subject matter of this lawsuit.  Plaintiff will also seek discovery, among other things, concerning MIT's or W3C's (or both organizations') oversight and supervision of the alleged transfer of EPUB 3.1 to MIT, if such transfer has occurred and, if a transfer of EPUB has not yet occurred, the status of any proposed transfer of the EPUB specification to MIT or to another party.  Plaintiff will also seek discovery concerning Defendant's knowledge of Plaintiff's contributions to the EPUB specification prior to and after the "combination" of Defendant with W3C.   Finally, Plaintiff will seek discovery regarding any post-combination exploitation of the EPUB specification by Defendant and, if applicable, by third parties.  The extent and nature of Plaintiff's discovery will include requests for production, interrogatories, requests for admissions, depositions, and third party subpoenas and depositions as authorized by the Federal Rules of Civil Procedure.

Defendant will seek discovery, regarding among other things, OverDrive's asserted copyright registration certificates, including its applications for registration and deposits submitted to the U.S. Copyright Office, Plaintiffs' alleged contributions to the EPUB specifications, Plaintiffs' agreement to Defendant's Intellectual Property Policy, the factual basis for Plaintiffs' copyright infringement claim, the factual basis for Plaintiffs' contention that Defendant induced, caused, and materially contributed to a third party's alleged copyright infringement, and the relief (both injunctive and monetary) that plaintiff seeks. Defendant expects to serve requests for production of documents, interrogatories, and requests for

3

admission and to take the depositions of relevant persons and parties, and third-party discovery by way of subpoena, as warranted.

> (b)     Fact discovery cut-off date:  October 6, 2017.

> (c)     Parties to exchange initial expert(s) reports by November 3, 2017 and rebuttal expert(s) reports by December 1, 2017.

> (d)     Expert discovery cut-off date:  January 12, 2018

8.     Recommended dispositive motion date:  February 9, 2018; provided, however, that either party is permitted to file a motion for summary judgment on an earlier date in the moving party's discretion.

9.     Recommended cut-off date for amending the pleadings and/or adding additional parties:  August 18, 2017.

10.     Recommended date for a Status Hearing: June 13, 2017.

11.     Other matters for the attention of the Court:  The parties anticipate requiring a protective order.  With respect to the discovery of electronically stored information, the parties will meet and confer in good faith regarding appropriate modifications to the procedures set forth in Appendix K of the Local Rules to suit this case.  The parties do not anticipate any difficulties in coming to an accord.


DATED: March 17, 2017

/s/ Mark E. Avsec                                          /s/David T. Movius

Mark E. Avsec (0064472)                      David T. Movius (0070132)
mavsec@beneschlaw.com                       dmovius@mcdonaldhopkins.com
Andrew G. Fiorella (0077005)                Mark Guinto (0089320)
afiorella@beneschlaw.com                     mguinto@mcdonaldhopkins.com
**BENESCH, FRIEDLANDER,**                 **McDONALD HOPKINS LLC**
  **COPLAN & ARONOFF LLP**               600 Superior Avenue, East

200 Public Square, Suite 2300
Cleveland, Ohio  44114
Telephone:     (216) 363-4500
Facsimile:     (216) 363-4588

*Attorneys for Plaintiff*
*OverDrive, Inc.*

Suite 2100
Cleveland, Ohio 44114
Telephone:  (216) 348-5400
Facsimile:  (216) 348-5474

*Attorneys for Defendant Open eBook Forum*
*d/b/a International Digital Publishing Forum*